Com. ex rel. Moska *v.* Moska, Appellant.

Argued July 12, 1932.

Before TREXLER, P.
J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADT-
FELD and PARKER, JJ.

*Abraham Wernick,* for appellant, cited: Common-
wealth v. Shepherd, 6 Binney Reports 383.

*Herman D. Friedman,* for appellee.—If access by
the husband is shown, there is a very strong presump-
tion of intercourse; and if there was intercourse at
such a time that the child in the course of nature had
been begotten by him the presumption is almost con-
clusive that he is the father: Cross v. Cross, 3 Paige
(N. Y.) 139; Wilson v. Wilson, 174 Ky. 771.

OPINION BY BALDRIGE, J., October 10, 1932:

This appeal arose from an order of the municipal
court in a proceeding under the Act of April 13, 1867,
P. L. 78, directing the respondent to pay Sarah Moska,
his former wife, the sum of $5 per week for the sup-
port of their minor child.

We confine ourselves to the consideration of what
appears to us to be the more important questions

raised in the twenty-six assignments of error. The case has unusual features. The husband instituted a divorce proceeding on September 12, 1925, charging his wife with adultery, cruel and barbarous treatment and indignities to the person. The master's report, recommending a divorce, was not filed until almost four and a half years thereafter. A final decree dissolving the marriage relation was entered on July 28, 1930. The child in question was born on January 18, 1931.

The wife testified that the husband returned to her home in April, 1930, and agreed to withdraw the divorce that was pending; that they resumed living together as man and wife and continued so doing until two months before the child was born.

The appellant contends that the wife was not a competent witness to testify to access and other material facts. We could dispose of this question on the technical objections raised, that the appellant failed to comply with rule 27 of this court, which provides that an assignment of error must quote the question or offer of evidence and the decision of the court; furthermore, no exceptions were taken to the admissions of testimony. True, as to the latter, it has been held that, although no objection to the competency of the wife is raised, the judges are bound to take notice of the restriction of the law imposed upon the wife's competency: Ulrich's Case, 267 Pa. 233, 109 A. 922; Canole v. Allen, 222 Pa. 156, 70 A. 1053. For failure to object and except, see Snaman v. Donahoe's Inc., 307 Pa. 282, 161 A. 68. But the rulings relied upon by appellant do not relate to the competency of the wife in nonsupport cases. We have concluded, however, to express our views on the merits involved in this contention.

The right of a spouse to testify as to access or nonaccess has proved to be a controversial question for a long period of time. The Lord Mansfield doctrine

that neither the husband nor wife may, where the question of legitimacy of a child is in issue, testify as to non-access between them, was announced in Goodright v. Moss, 2 Cowp. 591, 11 Eng. Rul. Cas. 518. Wigmore, in his work on Evidence, 2d ed., vol. 4, sec. 2063, has severely criticized this "dogmatic pronouncement" of Lord Mansfield, but, nevertheless, it is supported by considerable authority: Wallace v. Wallace, 137 Iowa 37, 114 N. W. 527; Taylor v. Whittier et al. (Mass.), 138 N. E. 6; Timmann v. Timmann, 142 N. Y. Sup. 198; Abington v. Duxbury, 105 Mass. 287; and a great many other decisions cited in the notes in 3 R. C. L. 732. Pennsylvania also has recognized this rule in certain cases where the question of support was not involved: Dennison v. Page, 29 Pa. 420; Tioga County v. South Creek Twp., 75 Pa. 433; Janes's Est., 147 Pa. 527. One interested in the subject of the presumption of legitimacy will find an historical discussion of this principle in the dissenting opinion of Mr. Justice LOWRIE in Page v. Dennison, reported in 1 Grant 377, 23 A. 892.

Springing from this rule of non-access is another principle that a wife may not establish legitimacy by proving access. The reason, therefore, is, that if a wife can give evidence of access, she can, by cross-examination, be made to prove non-access: 3 R. C. L. 733. In Goss v. Froman, 89 Ky. 318, 12 S. W. 387, it was held, however, that a mother is a competent witness to prove legitimacy of her child if that question is raised. What seems to be a reasonable view is taken in Wright's Est., 237 Mich. 275, 211 N. W. 246, wherein it was held that if the testimony of either parent, if believed, would result in bastardizing the child, it ought to be excluded; if not, the testimony should be admitted. An interesting discussion of this subject appears in Lynch v. Rosenberger et al., 60 A. L. R. 376, and the accompanying notes.

We held in Com. ex rel. Berardino v. Berardino, 96

Pa. Superior Ct. 288, that, in a proceeding under the Act of 1867, the wife is a competent witness. Our Brother KELLER, speaking for this court, stated: "None of the judges of this court ever before heard a wife's right so to testify in proceedings of this kind questioned, and while that does not establish its legality, the accepted practice in the courts for years is entitled to some consideration in passing on the interpretation to be placed on our statutes relating to evidence." There, as here, the evidence complained of was received without any objection on the part of the appellant, and the wife was examined at length by the husband's counsel in regard to matters which he then contended should not have been considered in evidence on account of their confidential nature. Moreover, Professor Wigmore states, in his work on Evidence, vol. 4, sec. 2237 (p. 775), that, after the granting of a divorce, a wife ceases to be disqualified. In our judgment, she was a competent witness in this case.

If we entirely disregard her testimony, the appellant, at the very threshold of this hearing, was confronted with the burden of overcoming the strong presumption of legitimacy of the child, conceived before the marriage contract had been dissolved. The strength of his case was insufficient to support this weight; this was a vital weakness. The policy of the law strongly favors legitimacy and is opposed to the bastardizing of a child. This presumption remains until the contrary is clearly made to appear. In Tioga County v. South Creek Twp., supra (p. 437), the court said: "That the parents should be permitted to bastardize the child, is a proposition which shocks our sense of right and decency, and hence the rule of law which forbids it." In Patterson v. Gaines, 6 How. 550, Mr. Justice WAYNE said: "Once the marriage is proved, nothing shall be allowed to impugn the legitimacy of the issue short of proof of facts showing it to be im-

possible that the husband can be the father." See also Stegall v. Stegall, 22 Fed. Cas. 122; Phillips v. Allen, 2 Allen 453; Bell v. Territory, 8 Okla. 75, 56 Pac. 853. The legal presumption existing was well fortified. The evidence does not disclose so plainly non-access on the part of the husband that he could not, in the course of nature, have been the father of the child. A number of witnesses testified that they had seen the appellant in the home of his wife during the period in question, and her mother and sister testified that he lived there a period of four months.

Nor do we find merit in the objection that the court committed a vital error in refusing to admit the entire divorce record: Kleinert v. Ehlers, 38 Pa. 439. The divorce proceedings determined only the complaints involved therein, which did not include access or non-access of the husband. The issues of adultery and illegitimacy of a child are separate and distinct: Koffman v. Koffman (Mass.), 79 N. E. 780.

Taking all the evidence into consideration, and the law applicable in this character of proceeding, we are of the opinion that the trial judge, sitting without a jury, was warranted in making an order of support.

Decree affirmed.