## Commonwealth v. Townsley

*Walter A. Herley,* for Commonwealth.

*L. K. W. Deininger,* for defendant.

WINDLE, P. J., April 19, 1937.—On February 23, 1937, this court entered an order directing respondent to pay the sum of $6 a week for the support of his wife, from whom he was separated. Defendant has complied therewith but now seeks to have it vacated and terminated. His petition for a rule to show cause why that should not be done recites that, although at the time of the hearing pursuant to which the above order was made he believed his wife was pregnant by someone other than himself, he was incompetent, under the laws of evidence, to testify to the fact of nonaccess to her by him and thus establish her guilt of adultery, but that now, understanding that his wife has suffered a miscarriage, he is advised that he is no longer incompetent as a witness to testify to the above fact and that he can therefore establish said guilt on his wife's part. No answer to said petition was filed.

At the hearing on April 12, 1937, it was stipulated by counsel for the parties involved that Dr. Michael Margolies, if competent as a witness, would testify, basing his opinion upon a physical examination of her on or about

March 1, 1937, that the wife here suffered a miscarriage. Defendant then testified, over objection of counsel for prosecutrix, that he had had no intercourse with her for the past four years. Prosecutrix, although present in court, did not take the witness stand and testify to any contrary state of facts. That evidence, defendant contends, is admissible and proves adultery committed by prosecutrix which bars her right to support at his hands.

The first question to be determined is whether or not the testimony of Dr. Margolies above referred to is admissible. We believe it is. In the first place, the Act of June 7, 1907, P. L. 462, sec. 1, 28 PS §328, pointed to as possibly rendering it incompetent, applies, by its very language, only to civil cases: Commonwealth v. Edwards, 318 Pa. 1. Here we have a criminal prosecution. In the second place, this opinion expressed by the witness is formed from his own personal physical examination of the wife; he is not testifying to communications made to him by her. For that reason it is competent: Phillips' Estate, 295 Pa. 349; Marks' Appeal, 121 Pa. Superior Ct. 181. That being so, it is established that prosecutrix was pregnant on or shortly before March 1, 1937. She must therefore have had intercourse with some man within a period of something less than nine months at the most and presumably less than seven months prior to that time. That is a matter of such common knowledge that we can take judicial notice thereof: Henry on Trial Evidence (2d ed.), 339, sec. 316.

The next question is whether defendant can testify as to nonaccess and lack of intercourse with his wife during the period of time in which she must have become pregnant as above. We believe he can. The reason he could not testify to that effect while she was pregnant was that such testimony would have the effect of bastardizing issue born of his wife in lawful wedlock and therefore presumed to be legitimate: Commonwealth v. Shepherd, 6 Binn. 283; Tioga County v. South Creek Twp., 75 Pa. 433; Commonwealth ex rel. v. Moska, 107 Pa. Superior Ct.

72; Commonwealth v. DiMatteo, 124 Pa. Superior Ct. 277. That reason no longer exists in this case, as there now is no issue or possibility thereof. The husband's disability as a witness to testify to nonaccess is therefore removed, and he is free and competent so to testify. He did so, and, no denial being made, we are constrained to believe that the pregnancy of his wife was occasioned by someone not her husband and therefore she has been guilty of adultery since her separation from defendant.

Our next inquiry is whether or not adultery on the part of the wife bars her right to support by her husband. In our opinion it does. This court has heretofore on at least one occasion refused to direct a husband to support his wife who admitted on the witness stand that she was having illicit relations with another man. In Commonwealth ex rel. v. Crabb, 119 Pa. Superior Ct. 209, the court revoked an order for support upon proof that the wife was living in meritricious relations with a man other than her husband, even though the husband had himself been guilty of like misconduct, and the judgment was affirmed on appeal. In Commonwealth ex rel. v. Herman, 95 Pa. Superior Ct. 510, it is stated that reasonable cause justifying a husband in refusing to support his wife is conduct on her part which would be a valid ground for a decree in divorce. See also Hawkins v. Hawkins, 193 N. Y. 409, 86 N. E. 468. We conclude therefore that a wife guilty of adultery cannot look to her husband for support. Whether but a single act of infidelity is committed or many makes no difference. She has behaved in a manner constituting valid grounds for divorce and, on the authority of the above cited cases, may not compel him to contribute to her maintenance. That being so this order must be revoked.

This rule is one to show cause why the order in question should not be vacated and terminated. We are satisfied it should be terminated but not vacated. Bouvier's Law Dictionary (Rawle's 3d ed.) defines "vacate" as:

"To annul; to render an act void; as, to vacate an

entry which has been made on a record where the court has been imposed upon by fraud or taken by surprise."

To vacate this order would be to wipe it out completely, rendering the wife liable for the return of the payments made to her and should be done only where the order was improperly entered in the first place. That is not the case here. The order was properly entered on the record as it stood at the date of its entry, nothing else could or should have been done, and consequently it should not be vacated and annulled with the effect above cited. Rather it should be terminated at this time, it now appearing on the record for the first time that the wife is not entitled to any support from defendant. Consequently the rule will be made absolute in part only.

Rule absolute as respects termination of the order in question. Order terminated.