## Commonwealth *v.* Netkowicz, Appellant.

Argued September 24, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Theodore Netkowicz,* appellant, in propria persona, submitted a brief.

*Herbert J. Johnson, Jr.,* Assistant District Attorney, with him *Damian McLaughlin,* District Attorney, for appellee.

OPINION BY RENO, J., November 15, 1951:

Butts, Petrie and Netkowicz were indicted for burglary. Butts pleaded guilty; Petrie entered a plea of nolo contendere; and they have been sentenced. Netkowicz was convicted by a jury; his motions for a new trial and arrest of judgment were denied; and he appealed. The sole question raised on appeal relates to an incident which occurred when Butts testified as a Commonwealth witness.

A railroad watchman observed the three defendants parking an automobile in front of a clothing store at 19th and Parade Streets, in Erie, at 1:30 a.m., and enter an adjacent blind alley. He saw Netkowicz walking between the side of the building and box cars in the railroad yard. Petrie stood at the corner, evidently a "look-out". Butts, according to his own testimony, was a steeple jack by trade, and he scaled an I-beam structure on the side of the building, crossed over the roof, entered the building through a skylight window, and made his way through the interior of the building down to the first floor where he opened a side door. At that moment the police, summoned by the watch-

man, appeared; the defendants fled but were soon apprehended. Subsequently, on the same day, Petrie and Butts gave sworn statements to the police, incriminating Netkowicz, and both stated they would testify against appellant.

Both became recalcitrant witnesses. Petrie testified they had come from Ohio to Erie in his car at appellant's suggestion and upon reaching the city limits appellant took the wheel. He denied having any conversation with appellant prior to parking the car, whereupon the assistant district attorney pleaded surprise and asked leave to cross-examine the witness on the basis of his prior sworn statement. The court allowed the plea and permitted the prosecuting officer to cross-examine in order to show the inconsistent prior statement. The correctness of this ruling is not questioned by appellant but becomes significant in view of subsequent developments. Petrie testified that the facts given in his sworn statement were untrue and that it was obtained by force and coercion. On the following day Petrie was recalled when he recanted his previous testimony; testified he had lied regarding the beating; that the facts contained in his statement were correct; and that his testimony the prior day was untrue.

Butts, who was called as a witness after Petrie's first appearance, displayed a hostile attitude even before he was sworn. When called, he thus addressed the court: "I have been threatened by perjury by the district attorney here and contempt of Court if I'd go on the stand, and I have made a statement; I don't know what was in the statement, I don't remember what was in it, and in other words, I don't want to make a statement for the defendant or against him." The trial judge commanded him to "take the stand", and he was sworn. He testified that he came to Erie with Petrie and Netkowicz in Petrie's car. He was

asked, "During the course of the early morning of May 13th was that car parked in the vicinity of 19th and Parade?" to which he answered, "I don't know." He was asked, "Were you in the vicinity of 19th and Parade at that time?" and he answered, "I don't know." Again the assistant district attorney pleaded surprise; his plea was sustained; and he was permitted to cross-examine the witness. The witness' attention was then drawn to his sworn statement, parts of it were read to him, and he was asked whether he recalled the questions and answers contained in it. A statement[1] by Netkowicz's counsel halted interrogations along that line, and the record shows no direct answer to the question relating to his recollection concerning the statement. But on further examination, Butts freely admitted that he had entered the building, described his movements in it, and retracted his charge that force was used to procure his confession.

The colloquy continued: "Q. Which time are you telling the truth? A. I was telling the truth now. I don't know whether I was telling the truth then or not because I don't remember what I said. Q. I am referring to when you said from the witness stand to my first question you didn't remember being there. A. You asked me had I ever been there. I don't know. I don't know where Parade Street is. I might have been on some other street. I don't know." These answers indicated that Butts' first answer was not categorically contradicted by the sworn statement, and that, since he was not an Erie resident, he might not have known that the building he had entered was located on a street called Parade. Appellant contends that the ruling permitting the Commonwealth to cross-examine Butts was prejudicial and reversible error.

---

[1] The statement: *"I have no objection to the district attorney contradicting his own witness. This is scarcely contradictory of the two sentences that have gone before."* (Emphasis added.)

Since the answer "I don't know" did not directly contradict the contents of the statement, the Commonwealth's officer erred in pleading surprise and the court erred in sustaining it. The assistant district attorney pleaded surprise impulsively and without solid legal ground. Yet one can readily understand the situation in which he labored. He was confronted by two witnesses who intended to repudiate their sworn statements. Petrie had in fact disavowed his and Butts threatened to do so. Allowance must be made for the reaction which vexation and tension generate in a vigorously contested court trial. The assistant district attorney and the trial judge were in the plight admirably portrayed by Judge ARNOLD in *Selden v. Metropolitan Life Ins. Co.,* 157 Pa. Superior Ct. 500, 504, 43 A. 2d 571: "Such questions arise without warning, or an opportunity to examine the law. One does not get ready to be surprised. It is far easier to examine the law 'in the unvexed silence of a student's cell,' and to reach correct conclusions, than for court and counsel so to do in the midst of a heated trial. If court and counsel had had the opportunity to make such examination a different conclusion might have been reached."

Our conclusion is that the error was harmless. A plea of surprise is addressed to the sound discretion of the trial judge whose action thereon will be reversed only upon a clear demonstration of abuse; and the record does not reveal an abuse. *Com. v. Turza,* 340 Pa. 128, 16 A. 2d 401. And where prior inconsistent statements of a hostile witness are made the basis of an improper plea of surprise and cross-examination, the error is cured when later the same facts are substantively proven. *Com. v. Turza,* supra, p. 138. Moreover, "Mere error in the abstract is not sufficient to warrant a retrial, and where the conclusion is inescapable that the error did not influence the jury against the accused,

or deprive him of his legal right to a fair trial, a new trial will not be granted:" *Com. v. Linkowski,* 363 Pa. 420, 424, 70 A. 2d 278.

Appellant did not testify. His guilty participation in the burglary was established beyond all reasonable doubt. He planned the felonious enterprise and was present throughout its execution. He does not challenge the sufficiency of the evidence to sustain his conviction. We shall not set aside the just verdict because of the harmless precipitancy of the assistant district attorney. "[W]here the evidence of guilt is overwhelming, the rule [of harmless error] has been applied and the conviction sustained, thereby promoting the cause of justice without harm to the defendant's legal right to a fair trial": *Com. v. Blose,* 160 Pa. Superior Ct. 165, 170, 50 A. 2d 742, quoted with approval in *Com. v. Moyer,* 357 Pa. 181, 200, 53 A. 2d 736. See also *Com. v. Holley,* 358 Pa. 296, 56 A. 2d 546.

Judgment and sentence affirmed.