Commonwealth *v.* Oldham, Appellant.

Argued March 30, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*James W. Cullen,* for appellant.

*C. Wayne Smyth,* for appellee.

OPINION BY RHODES, P. J., July 21, 1955:

This is an appeal by defendant from the order of the Court of Quarter Sessions of Bradford County directing him to pay the sum of $9 per week for the support of a child born to his wife on September 6, 1953.

The proceeding was brought under section 733 of the Act of June 24, 1939, P. L. 872, as amended, 18 PS §4733. The act provides that the court, "after hearing in a summary proceeding, may order" the father, being of sufficient ability, to pay such sum as the court shall think reasonable and proper for the child's comfortable support and maintenance.

Prosecutrix brought this action to compel her husband to support her child. His defense was that, al-

though the child was born to his wife during her coverture, he was not the father. In other words, his defense to rebut the presumption of legitimacy was nonaccess.

The parties were married on September 19, 1947, and resided in Sayre, Pennsylvania. Subsequently defendant entered the armed forces. After being in service for approximately two years he was discharged in February, 1952. They separated in June, 1952, and defendant went to live with his parents in Elmira, New York. The child was born to the prosecutrix on September 6, 1953. She testified that after the separation defendant returned home on Saturdays between 10 a.m. and 3 p.m.; that he came home practically every Saturday during the remainder of 1952, but less frequently in 1953; that he continued to visit her until May, 1953; and that on two occasions he remained there all night. One of these occasions was shortly after the New Year, 1953. Prosecutrix also testified definitely that defendant was at her home on or about Thanksgiving, 1952.

Defendant's father, mother, brother, and sister testified in his behalf. Their testimony sheds no light on the question of nonaccess. At most, they merely confirmed the fact of the separation and that defendant lived with his parents subsequent to that occurrence. In reply to a question whether he had ever returned home to his wife defendant significantly stated "Not to stay."[1]

Defendant's contention on this appeal is that the court below erred in imposing on him the burden to rebut the presumption of legitimacy by sufficient com-

---

[1] The propriety of this question, to which no objection was made, may be doubtful, but the answer was admissible as it did not tend to bastardize the child. See *Com. ex rel. Moska v. Moska*, 107 Pa. Superior Ct. 72, 75, 162 A. 343.

petent proof to sustain the finding of nonaccess beyond a reasonable doubt.

The applicable rule has been stated by our Supreme Court in *Cairgle v. American Radiator and Standard Sanitary Corporation,* 366 Pa. 249, 256, 77 A. 2d 439, 442: "In order to successfully rebut the presumption of legitimacy, the evidence of non-access or lack of sexual intercourse or impotency must be clear, direct, convincing and unanswerable . . ., although it is not necessary that the possibility of access be completely excluded . . . Moreover, our public policy is so firmly established and so strong that the courts have repeatedly declared that 'non-access cannot be testified to by either the husband or wife in order to overcome the presumption of legitimacy . . .': District of Columbia's Appeal, 343 Pa. 65, 76, 21 A. 2d 883. In Janes's Estate, 147 Pa. 527, 531, 23 A. 892, the Court said: 'A child born or begotten in wedlock is presumed to be legitimate, and neither the mother nor her husband can bastardize it by testifying to non-access.' "

In the opinion of the court below it is stated that, the prosecutrix being concededly the wife of the defendant, "the burden was upon the defendant to rebut the presumption of legitimacy by sufficient competent proof to sustain the finding, beyond a reasonable doubt, of nonaccess by her husband during the period the child had been conceived or begotten. See Commonwealth vs. Barone, 164 Pa. Superior Ct. 73." This may have been an inaccurate designation of the burden of proof which defendant was obliged to meet.

In *Com. v. Barone,* 164 Pa. Superior Ct. 73, 63 A. 2d 132, referred to by the court below, the defendant was indicted on a charge of willfully neglecting to contribute to the support and maintenance of three children born out of wedlock, and it was properly held that the burden was on the Commonwealth to prove, beyond

a reasonable doubt, such facts as would establish non-access by the husband of the prosecutrix. In the present case, however, the burden to overcome the presumption of legitimacy was on defendant.

In any event, if the court set up too high a standard it did not constitute reversible error in this case. This was not a jury trial. If an error does not prejudice a defendant, a judgment even in a criminal case will not be reversed. *Com. v. Felgoise,* 129 Pa. Superior Ct. 74, 79, 194 A. 751; *Com. v. Netkowicz,* 170 Pa. Superior Ct. 125, 84 A. 2d 234; *Com. v. Petrillo,* 341 Pa. 209, 232, 19 A. 2d 288. After referring to prosecutrix' testimony as to access by defendant and his admission that he returned to the home after the separation, but "Not to stay," the court below said: ". . . nothing in the evidence in this case induces us to believe that the prosecutrix had improper relations with any man other than the defendant at or about the time of conception."

The defendant failed to satisfy the court that there was any competent proof of nonaccess. As the court was convinced that there was access rather than nonaccess by the defendant, what was said in *Dennison v. Page,* 29 Pa. 420, 423, is applicable: "Where the husband . . . has access to the mother of the child, the presumption that he is its father is conclusive." Here the presumption of legitimacy prevails. Certainly the evidence does not disclose nonaccess on the part of defendant so that, in the course of nature, he could not have been the father of the child. Cf. *Com. ex rel. Moska v. Moska,* 107 Pa. Superior Ct. 72, 77, 162 A. 343.

The evidence is clearly sufficient to sustain the support order.

The order of the court below is affirmed.