## Commonwealth ex rel. Hughes v. Hughes

*John B. O'Brien*, for plaintiff.

*George Weitzman*, for defendant.

WOODRING, J., November 12, 1956.—This petition is filed under the provisions of the Act of May 24, 1951, P. L. 402, 28 PS §306. The title to the act reads: "An Act Authorizing the court *in any proceeding to establish paternity*, to order the parties therein to submit to blood grouping tests, and prescribing the conditions under which such evidence may be admitted." The act, in accordance with the language of the title, reads: *"In any proceeding to establish paternity*, the court, on motion of the defendant, shall order the mother, her child and the defendant to submit to one

or more blood grouping tests by a duly qualified physician to determine whether or not the defendant can be excluded as being the father of the child, and the results of such tests may be received in evidence but only in cases where definite exclusion of the defendant is established." (Italics supplied.)

The instant case is one of nonsupport by a wife against her husband for the support of herself and child, aged two years. Defendant filed a petition under the 1951 Act alleging that he and prosecutrix were married June 22, 1953, that the child was born December 22, 1953, and praying for a rule to issue on prosecutrix to show cause why blood grouping tests should not be made. Prosecutrix filed a responsive answer to said rule. The question now before the court is: Is a married man entitled to a blood grouping test under the act of 1951 in a nonsupport action for a child born after the date of said marriage?

It seems too clear for argument that the "Blood Grouping" act does not apply to this type of case. The act, by the express language of the title and the body of the act, is restricted to cases "to establish paternity". This is not a paternity case. It is a case for nonsupport of a child born to parents who were lawfully married prior to and at the time of said birth: Commonwealth v. Heydt, 3 D. & C. 2d 129.

In Commonwealth v. Oldham, 178 Pa. Superior Ct. 354, 115 A. 2d 895, the factual situation was identical with that in the case at bar. An order of support was entered against the father-defendant, which order was affirmed by the Superior Court. The opinion by President Judge Rhodes contains, page 357:

"The applicable rule has been stated by our Supreme Court in Cairgle v. American Radiator and Standard Sanitary Corporation, 366 Pa. 249, 256, 77 A. 2d 439, 442: 'In order to successfully rebut the presumption of legitimacy, the evidence of non-access or

lack of sexual intercourse or impotency must be clear, direct, convincing and unanswerable . . . , although it is not necessary that the possibility of access be completely excluded. . . . Moreover, our public policy is so firmly established and so strong that the courts have repeatedly declared that "non-access cannot be testified to by either the husband or wife in order to overcome the presumption of legitimacy. . . .": District of Columbia's Appeal, 343 Pa. 65, 76, 21 A. 2d 883. In Janes's Estate, 147 Pa. 527, 531, 23 A. 892, the Court said: "A child born or begotten in wedlock is presumed to be legitimate, and neither the mother nor her husband can bastardize it by testifying to non-access." ' "

Justice Bell in his opinion in Cairgle v. American Radiator Corp., 366 Pa. 249, 77 A. 2d 439, said, in part, page 255:

". . . it has been the law for centuries that there is a tremendously strong presumption that children are legitimate. . . . The presumption of legitimacy is . . . one of the strongest known to the law and can be overcome only by proof of facts establishing non-access or that the husband was impotent or had no sexual intercourse with his wife at any time when it was possible in the course of nature for the child to have been begotten".

For reasons of public policy we are constrained to recognize and apply the presumption of legitimacy and to restrict the application of the "Blood Grouping" act to cases which are primarily "to establish paternity". In the present case, the birth having occurred during the marriage, the paternity has been established as a matter of law: Cairgle v. American Radiator Corp., supra.

### Order

And now, November 12, 1956, the rule heretofore issued is discharged and the petition dismissed.