## Commonwealth ex rel. Seay v. Horton

*L P. Hill,* with him *L. O. Coombs,* of the District of Columbia Bar, for petitioner.

*Burton Spear,* for respondents.

PIEKARSKI, J., April 29, 1957.—This matter came before us for hearing on a petition for a writ of habeas corpus filed by Connie K. Faison, seeking the custody of her son, Tony Charles Seay, a minor child, two years of age. We refused to grant custody to petitioner and dismissed the writ.

Petitioner, Connie K. Faison, is a married woman; her husband is William Faison with whom she resides. In this marriage four children were born, one of whom is named in the birth certificate as Tony Charles Seay, born October 21, 1955. Soon after the child was born, petitioner placed this child with respondents, Edna L. Horton and McKinley J. Horton, for adoption, and the child has since that time remained and is now with respondents.

Connie K. Faison and one Norman Phillip Seay are both residents of the District of Columbia. A proceeding was filed in the United States District Court for the District of Columbia captioned: "In the Matter of Tony Charles Seay, *An Infant;* Norman Phillip Seay, 1342 Columbia Road, N.W., Washington, D. C., *Petitioner;* Connie K. Faison, 2710 Twelfth St., N.E., Washington, D. C., *Respondent;* Habeas Corpus, no. 75-56."

In that petition Norman Phillip Seay alleged that he is the father of Tony Charles Seay and that Connie K. Faison is the mother of that child. The petition itself admits that Connie K. Faison was a married woman with whom he, Norman Phillip Seay, had been living for about a year as "husband and wife". During that time the subject of this habeas corpus proceeding was born.

Under date of August 8, 1956, the United States District Court for the District of Columbia entered its order awarding custody of the child to Norman Phillip Seay. This order was entered on application of counsel for petitioner therein, "no opposition thereto being presented". Connie Faison was before that court and was represented by counsel.

It is to be noted that when the District Court of the District of Columbia entertained that petition and when that court entered its decree, the child was not before that court. The child was then and is now in Philadelphia in the custody of respondents herein by the act and with the voluntary consent of the mother for purposes of adoption. The only parties before that district court were Norman Phillip Seay and Connie K. Faison.

The decision of that court is not binding upon us as to the rights of the parties now before us: (1) Because the parties before the district court and the

parties before us are not the same; (2) neither of the parties before the district court had or was entitled to custody; (3) there was no corpus before that court.

What the United States District Court for the District of Columbia decided was that "no opposition thereto being presented", as between the parties then before that court, to wit, Norman Phillip Seay and Connie K. Faison, the former should have custody. The district court's conclusion is completely understandable: Connie K. Faison did not then (nor does she now) desire the custody of the child born of her body. As between the parties before that court, the mother did not want custody of the child; Norman Phillip Seay did. That court did not decide the extent of Connie Faison's rights of custody, if any. In effect, its order said that as between these two individuals, let custody repose in the one who desires to have the child. Only to that extent, and that is the full purport of the district court's order, can full faith and credit be given to the order of the District Court for the District of Columbia in the matter then before it.

That full faith and credit shall be given to the judicial proceedings of every other State applies to the courts of record of the District of Columbia under article IV, sec. 1 of the Constitution of the United States is established under the Act of Congress of March 27, 1804, passed as a supplement to the Act of May 26, 1790: Symons v. Eichelberger, 110 Ohio 224.

After that order was entered, Connie K. Faison filed her petition in this court as a consequence of which a writ of habeas corpus issued directed to respondents herein. The parties now before us are not the same parties who appeared before the Federal court. The respondents before us were not before the District Court for the District of Columbia. That court's jurisdiction applied only to the parties before

it. Full faith and credit can be ascribed to that court's order only to the extent of its jurisdiction over the parties and the subject matter. The respondents before us had their first and only day in court with reference to their rights to the custody of the subject of this writ when they were before us in this proceeding. We are certain that had the district court had before it the testimony as to the fitness of Norman Phillip Seay to have custody of this child, it would not have entered an order in his favor even of limited custodial effect. The determination by the district court of the rights of this child as between Norman Phillip Seay and Connie K. Faison does not and cannot affect the rights of Edna L. Horton and McKinley J. Horton, respondents herein.

Although Connie K. Faison is the petitioner in the habeas corpus proceeding before us, *she does not want custody of the child.* She seeks custody of the child for Norman Phillip Seay.

Who is Norman Phillip Seay? Specifically, what manner of man is he that he could be entrusted with the rearing of this child? That, too, becomes the matter before us, because Connie K. Faison, petitioner, testified that she seeks custody solely and exclusively for the purpose of delivering custody to Norman Phillip Seay.

It was not necessary for us to determine a disputed question of fact in order to evaluate the fitness, character and reputation of this real party in interest. He had "lived" with a "Mrs. Seay" to whom he was not married and later he was married to Naomi Johnson in 1937. That marriage was not legally terminated and the other party to that marriage is living. After that separation he lived with Eva Johnson who used his surname and whom he held out as his wife. Subsequently, after six months, he "lived" with another

woman named Betty and for about one year, he and Connie Faison, petitioner herein, lived as "husband and wife". In 1956, he entered into another ceremonial marriage.

What evidence is there of his occupational stability? By his own testimony his record of employment shows two jobs in Washington from February 1956 to the date of this hearing. Previously he drove a taxi cab in Philadelphia for four months. Before that he was employed at the Capri Bar in Philadelphia for four or five months and before that he was employed at a bar in Atlantic City.

His employment record can be classed as that of a "floater" cf. next to the last paragraph of the opinion of Judge Woodside in Commonwealth ex rel. Shroad v. Smith, 180 Pa. Superior Ct. 445 at 452; and his moral record is definitely low.

It is to such a person that we were, by a spurious petition, sought to be led into awarding the custody of this child.

Fortunately for this child, it finds itself in the competent, responsible and loving care of respondents in this proceeding. Edna L. Horton is a reputable, educated, devoted housewife. McKinley Horton is in an established trucking business and the treasurer of the board of the Second Baptist Church of Germantown. They are property owners who have a good, suitable, comfortable home in which and about which they have shown love and affection for this unwanted child. That this child is a happy child we have seen at the time when he had his day in court.

To the factual situation as it appeared before us without evidentiary contradiction, direct or inferential, we need add only this: The natural mother by her act has abandoned this child even to the extent of willfully failing to visit this child, though the opportunities

were presented to her by respondents; she has manifested no parental interest in this child for well over a year. For her conduct she presents the feeble excuse, in which we place no credence, that respondent wanted money for the child's maintenance before she would return him. Petitioner's husband, knowing of the proceedings before us, has manifested no interest in the child nor was he present at the hearing. As a matter of fact, therefore, we find that the upbringing of this child, physical, spiritual, moral, intellectual, can repose well only in the hands of respondents; it cannot be placed with Connie Faison or Norman Phillip Seay.

Now for the legal aspects of the right of custody. The law has always been that only for compelling reasons will the custody of a child, particularly one in its tender years, be denied to the parents: Commonwealth ex rel. Harry v. Eastridge, 374 Pa. 172. However, that parental right to custody may be forfeited if convincing reasons appear that the best interest and permanent welfare of the child will be served by awarding custody to someone else: Commonwealth ex rel. Shamenek v. Allen, 179 Pa. Superior Ct. 169, at page 175.

What is the legal status of Norman Phillip Seay on the record before us? The Federal District Court of the District of Columbia in its order attributed to him the status of "father". But this child was born in lawful wedlock. The law provides that the presumption of legitimacy cannot be overcome by the assertions of a putative father, and his oral or legal admissions of paternity do not of themselves wipe out that presumption: Commonwealth v. Barone, 164 Pa. Superior Ct. 73.

Nowhere in all the testimony before us or before the Federal district court has there been competent

testimony to rebut the presumption of legitimacy because Norman Phillip Seay's statement, standing alone, under our law is not admissible: Commonwealth v. Kerr, 150 Pa. Superior Ct. 598. In no competent testimony before us can we find that Norman Phillip Seay is the father of the child who is the subject of these proceedings. His ipse dixit, along with that of the nominal petitioner before us (also incompetent; Commonwealth v. Oldham, 178 Pa. Superior Ct. 354; Commonwealth ex rel. Ranjo v. Ranjo, 178 Pa. Superior Ct. 6) does not qualify to meet the burden in rebuttal of the presumption of legitimacy: Commonwealth v. Gantz, 128 Pa. Superior Ct. 97; Commonwealth v. DiMatteo, 124 Pa. Superior Ct. 277.

Granting full faith and credit to the order of the district court under date of August 8, 1956, as we are required to do (Symons v. Eichelberger, supra), we find that its legal implication concerns only the custodial rights, if any, of Connie K. Faison and Norman Phillip Seay. But as a matter of fact, Connie K. Faison has, by the law of this State and by her own conduct, forfeited her right to the custody of that child. Over that child the District Court for the District of Columbia had no domiciliary jurisdiction. Connie K. Faison by her act made the child's domicile Pennsylvania. As a matter of law she had abandoned that child (Davies Adoption Case, 353 Pa. 579), and its custody and the resultant obligations were assumed by respondents.

The settled purpose to forego all parental duties and to relinquish all parental claims is clear from the testimony, and there is no credible testimony to negative it. And this abandonment has not, nor can it be construed to have been, terminated consistently with the welfare of the child. Cf. Weinbach's Appeal, 316 Pa. 333.

As to the child, therefore, the district court was without jurisdiction and in that proceeding the corpus was not before that court. The determination of the custody of the child is the subject matter of this writ and proceeding in habeas corpus. That custody is and was by the act of the relatrix in Philadelphia. It is this court and not the District Court for the District of Columbia which has jurisdiction of this subject matter. Cf. Commonwealth ex rel. Miller v. Miller, 102 Pa. Superior Ct. 323. When the district court by its order in its habeas corpus proceeding directed petitioner here (respondent therein) to deliver custody to Norman Phillip Seay, it ordered the delivery of a right of which petitioner herein had legally and factually deprived herself. Though the petitioner herein consented thereto, that consent as to the custody of this child is ineffective for the reason that jurisdiction of a subject matter cannot be acquired by consent: Bluestone v. DeRoy, 298 Pa. 267.

We recognize and give to the order of the District Court for the District of Columbia, therefore, full faith and credit to the extent of that tribunal's jurisdiction of the subject matter. That subject matter did not include the rights of respondents herein to the custody of this child. As to the truth or existence of a fact, like that of domicile, upon which depends the power to exert judicial authority in another State (or in the District of Columbia), Pennsylvania has a right to ascertain the truth or existence of that crucial fact in its courts: Williams v. North Carolina, 325 U. S. 226, 229. The jurisdiction to render judgment in the District Court for the District of Columbia was conclusive upon its merits only as between Connie K. Faison and Norman Phillip Seay. If for compelling reasons Connie K. Faison had forfeited her right to custody, and we find that she did, there is no im-

mediate custodial right which Connie Faison could pass to Norman Phillip Seay.

The case presents one of the dangers in entering custodial decrees by consent. The Federal District Court for the District of Columbia would not have entered this decree, we are sure, had it had the actual picture of the real Norman Phillip Seay before it or had it known that this petitioner was willing to place her child in the custody of a man whose marital status she did not know, whose physical accommodations for the child were not within her knowledge and whose moral conduct was not a matter of the court's record. We, therefore, confine full faith and credit solely to the matter exclusively before that court, a mother who wants to dispose of a child, a petitioner who seeks its custody. To us, legally, that petitioner was a stranger; factually, in the interest of this child's present and future welfare, he should remain a stranger.

Custody is denied to this petitioner and the writ is dismissed.